UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM BRUCE PACKER,

    Plaintiff,

v.                                                      Case No: 8:22-cv-930-KKM-SPF

KIMBERLY-CLARK WORLDWIDE,
INC. and COSTCO WHOLESALE
CORPORATION,

    Defendant.
_____

## ORDER

Adam Bruce Packer files a complaint against Kimberly-Clark Worldwide and Costco Wholesale Corporation, alleging various products liability and breach of warranty claims surrounding his use of Cottonelle Flushable Wipes. (Doc. 1-4). He alleges that he purchased the wipes from Costco and that they caused a bacterial infection. (Doc. 1-4 ¶ 15–18.) Kimberly-Clark and Costco move to dismiss the Complaint, arguing that Packer has failed to state a claim. (Doc. 9.) The Court denies Defendants' motion.

### I. BACKGROUND

Adam Packer purchased Cottonelle Flushable Wipes from a Costco store in Brandon, Florida. (Doc. 1-4 ¶ 15.) Costco buys the wipes from Kimberly-Clark, who designs, manufactures, and markets them as biodegradable toilet-paper alternatives. (*Id*. ¶ 12–13.) After using the wipes, Packer developed a bacterial infection in September 2020 "at the same area in which he used the Flushable

Wipes." (*Id.* ¶ 17.) Packer's infection required hospitalization and surgery. (*Id.* ¶ 18.)

Kimberly-Clark announced a product recall in 2020 for "specific lots of wipes manufactured between February 7, 2020—September 14, 2020." (Doc. 9 at 2–3) (emphasis omitted). The recall was limited to "a small percentage of product," but those products affected "could show the presence of a bacterium" that "rarely causes serious infections in healthy individuals." (*Id.*)

Packer sued Costco and Kimberly-Clark in Florida's Thirteenth Judicial Circuit Court and Costco and Kimberly Clark timely removed the suit to federal court based on diversity jurisdiction. (Doc. 1; Doc. 26.) Packer's complaint alleges nine counts of products liability, including strict liability, failure to warn, breach of warranty, and negligence against each Defendant. (Doc. 1-4.) Defendants move to dismiss the complaint, arguing that Packer has not alleged causation sufficient to uphold any of the counts, and that his failure to warn counts fail to include the contents of the warning label.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

2

factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. ANALYSIS

To prove products liability, "whether [the] case is founded in negligence, breach of an implied warranty, or strict liability," Packer must show "(1) that a defect was present in the product; (2) that it caused the injuries complained of; and (3) that it existed at the time the retailer or supplier parted possession with the product." *See Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1143 (Fla. 1st DCA 1981). To prove negligent failure to warn, Packer must show that "a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care." *Ferayorni v. Hyundai Motor Co.*, 711 So. 2d 1167, 1172 (Fla. 4th DCA 1998) (quoting *Anderson v. Owens-Corning Fiberglas Corp.*, 810 P. 2d 549, 558–59 (Cal. 1991)). To prove strict liability failure to warn, Packer must show that Defendants "did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution." *Id*.

In their motion to dismiss, Defendants argue that Packer's complaint fails in two regards. First, they allege that Packer "offers only the legal conclusion that his injuries were 'proximately caused' by the device." (Doc. 9 at 5.) Second, they claim that Packer "has not adequately alleged a failure to warn claim" because he "makes no mention of the product labeling or the warnings contained in the Recall at all." (*Id*. at 6.)

### A. Proximate Cause

Under Florida law, there is no "heightened pleading standard to allegations of causation." *Godelia v. Doe 1*, 881 F. 3d 1309, 1319 (11th Cir. 2018) (declining to apply a heightened standard for medical device products liability claims). Packer need not "set forth the precise chemical, biological, or other process by which" the wipes caused his reaction. *See Small v. Amgen*, 2 F. Supp. 3d 1292, 1297 (M.D. Fla. 2014) (Steele, J.). Here, contrary to Defendants' contentions, Packer has not "offer[ed] only the legal conclusion that his injuries were 'proximately caused' by the device." (Doc. 9 at 5.) Instead, he alleges that he purchased and used wipes during the time in which some lots were contaminated with a bacterium and that he "developed a bacterial infection at the same area in which he used the Flushable Wipes," which then required medical treatment. (Doc. 1-4 ¶¶ 18–19.) This is enough for the Court to "draw the reasonable inference" that the bacterium allegedly on the wipes caused his injury. *Iqbal*, 556 U.S. at 678. Therefore, he has stated a claim that is "plausible on its face." *Id*.

### B. Failure to Warn

To adequately plead a failure to warn claim, either in negligence or strict liability, Packer must allege that "the warning . . . was inadequate, that the

4

inadequacy of the warning proximately caused his injury, and that he suffered an injury." *See Hoffman-La Roche, Inc. v. Mason*, 27 So. 3d 75, 77 (Fla. 1st DCA 2009). Here, Packer alleges that Defendants did not "adequately warn" him of "[t]he risk inherent in the normal foreseeable use of the Flushable Wipes" or of "[t]he risk that the Flushable Wipes might be infected with a dangerous bacterium." (Doc. 1-4 ¶¶ 26, 39, 60, 65.) He did not "simply stat[e] that Defendant provided insufficient warnings," (Doc. 9 at 6) (quoting *Kilmer v. Howmedica Osteonics Corp.*, No. 5:14-cv-456, 2015 WL 13792247, at *7 (M.D. Fla. April 15, 2015) (Lammens, Mag. J.), and so this is not a " 'naked assertion[s]' devoid of 'further factual enhancement.'" *See Iqbal*, 556 U.S. at 678.

Defendants alleges that the Complaint fails because it "makes no mention of the product labeling or the warnings contained in the Recall at all." (Doc. 9 at 6.) They cite *Dye v. Covidien LP*, 470 F. Supp. 3d 1329, 1338 (S.D. Fla. 2020) (Ruiz, J.), which interprets Florida law as requiring a plaintiff to "plead the contents of the warning label or otherwise describe the manner in which the warning was inadequate." Even if these are the only two ways a plaintiff could plead inadequacy of a warning under Florida law, Packer has done so here because he has "otherwise described the manner in which the warning was inadequate" by alleging that they failed to warn him that he could get a bacterial infection from using the wipes. Therefore, Defendants have failed to show how the failure to warn counts are inadequate.

### IV. CONCLUSION

Packer has adequately pleaded causation and failure to warn. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on September 20, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record